UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ----------------------------------------x | |
| DANNY NICHOLAS, | : |
| Plaintiff | : |
| -against- | : |
| | : |
| | : |
| | : |
| THE CITY OF NEW YORK, and | : |
| POLICE OFFICERS GENEVA ELEUTICE | : |
| and BRIGID SULLIVAN of the | : |
| NEW YORK CITY POLICE DEPARTMENT | : |
| | : |
| Defendant(s), | : |
| ----------------------------------------x | |

COMPLAINT
AND JURY DEMAND

No.

w2

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment of DANNY NICHOLAS.

2.     On March 20, 2011, POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     The Plaintiff, DANNY NICHOLAS, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.     This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7.     Plaintiff at all times relevant hereto resided in the City and State of New York, County of New York.

8.     That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.     The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN  and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

2

11.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     On or about March 20, 2011,  plaintiff voluntarily surrendered himself to the custody of defendant POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN who at the time were police officers assigned to the 13th precinct, employed by the NYPD.

15.     Defendants had demanded that plaintiff surrender so that plaintiff could be arrested and criminally charged with violating an order of protection on March 16, 2011.

16.     Plaintiff had been arrested on March 15, 2011, and on March 16, 2011 plaintiff was charged under New York County Criminal Court Docket No. 2011NY019190.

17.     On March 16, 2011, as soon as plaintiff was released from custody by the New York County Criminal Court Judge Schecter, plaintiff went to Lenox Hill Hospital because he had been badly injured.

3

18.     However even though plaintiff maintained that he was at Lenox Hill Hospital located at East 77th Street, New York New York on March 20, 2011 at 8:00p.m., POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN alleged that on March 16, 2011 at 8:00 p.m. in front of 46 West 21st Street, New York, New York plaintiff had violated an order of protection that had been issued in New York County Criminal Court by Judge Schecter on March 16, 2011.

19.     When plaintiff arrived at the 13th precinct on March 20, 2011, plaintiff reiterated to POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN that he could not possibly have violated the order of protection because he was at Lenox Hill Hospital where he was receiving treatment for an injury to his right eye.

20.     In fact, plaintiff provided defendants with documentation that showed he was at Lenox Hill Hospital at the exact time that he was alleged to have violated the order of protection at 46 West 21st Street, NY, NY.

21.     In spite of the proof that plaintiff provided to the defendants, defendants arrested plaintiff and charged him with violating the order of protection.

22.     Plaintiff, now in custody, was brought to New York County Central Booking where he was charged by the New York County District Attorney's Office with Criminal Contempt in the First Degree (PL 215.51 [b][v]) and Criminal Contempt in the First Degree (PL 215.51 [b][i]) under Docket No. 2011NY020961.

23.     On March 21, 2011 after approximately 24 hours of incarceration plaintiff was released on his own recognizance.

24.     Approximately three months later on June 16, 2011, the New York County District Attorney's Office dismissed Docket Nos. 2011NY019190 and 2011NY020961.

25.     Defendants acted maliciously and intentionally.

26.    As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

27.    Paragraphs 1 through 26 are herein incorporated by reference.

28.    Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

29.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

30.    As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

31.    Paragraphs 1 through 30 are incorporated herein by reference.

32.     Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

33.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

34.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

35.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

36.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

37.     Defendants subjected plaintiff to false arrest and false imprisonment.

38.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

39.     Paragraphs 1 through 38 are incorporated herein by reference.

40.     Defendants POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

41.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

42.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     Defendant POLICE OFFICERS GENEVA ELEUTICE and BRIGID SULLIVAN illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

45.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

46.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## SIX CAUSE OF ACTION
(MALICIOUS PROSECUTION)

48.    Paragraphs 1 through 47 are incorporated herein by reference.

49.    Defendants caused a false accusatory instrument to be filed against plaintiff.

50.    Following an investigation by the New York County District Attorney's Office both criminal instruments were dismissed and the criminal proceedings favorably terminated.

51.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

52.    Plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of One Million ($5,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
        March 17, 2014

                            FINK & KATZ, PLLC


                    By:    Jonathan A. Fink
                           One of Plaintiff's Attorneys



**Attorneys for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036